UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cr-60071-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

CLAIDER VASQUEZ-AGINO,

    Defendant.
_____/

## ORDER ON MOTION FOR SENTENCE REDUCTION

**THIS CAUSE** is before the Court upon Defendant Claider Vasquez-Agino's ("Defendant") *pro se* Motion for Sentence Reduction ("Motion"), ECF No. [100]. The Government filed a Response in Opposition to the Motion ("Response"), ECF No. [101]. The Court has carefully reviewed the Motion, the Response, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is Denied.

### I. BACKGROUND

On May 31, 2017, Defendant pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b). *See* ECF No. [58]. On August 15, 2017, after granting Defendant's motion for a downward departure this Court sentenced Defendant to a total term of imprisonment of 120 months, followed by a five-year term of supervised release. *Id*.; ECF Nos. [54]-[55]. On March 9, 2020, Defendant moved for a reduction in sentence under Fed. R. Crim. 35(b), 2020. ECF No. [78]. The Court denied that Motion because Rule 35 provides for relief upon consideration of the Government's Motion and the Government had not made a Motion. ECF No. [81]. Defendant thereafter filed his Motion to Compel the Government to File a Rule 35 Motion.

ECF No. [83] The Government responded, ECF No. [86], and the Court denied the Motion to Compel, ECF No. [87]. Defendant sought reconsideration, ECF No. [88], which the Court denied, ECF No. [89].

## II. DISCUSSION

In the instant Motion, Defendant requests a reduction in sentence. Defendant does not provide any argument specific to his facts but provides the Court with authority on the topics of sentencing factors and sentence reduction. *See* ECF No. [100]. The Government responds that Defendant "fails to explain how the First Step Act is applicable or how it provides him with statutory authority to ask this Court to reduce his sentence below the statutorily-mandated minimum sentence of 120 months' imprisonment." ECF No. [101] at 2. The Government suggests that construing Defendant's *pro se* Motion liberally,[1] it appears he may be seeking relief under the First Step Act of 2018. *Id*.

"Section 402 of the First Step Act broadened the circumstances in which defendants may receive a sentence below the otherwise statutory mandatory-minimum sentence for their crimes." *United States v. Tigua*, 963 F.3d 1138, 1142 (11th Cir. 2020). By its terms, the amendment only applies "to a conviction entered on or after the date of enactment of the First Step Act." *Id*. (internal quotation marks omitted).

Defendant was sentenced on August 15, 2017. Section 402 of the First Step Act became law on December 21, 2018. Because the First Step Act does not apply retroactively, it is not applicable to Defendant's request for a reduction in sentence.

---

[1] "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Case No. 17-cr-60071-BLOOM

Defendant also provides references to the 18 U.S.C. § 3553(a) sentencing factors and §3B1.2 of the United States Sentencing Guidelines manual in which the Court is directed to consider the role a defendant played in an offense. ECF No. [100] at 2-5. The Government argues that Defendant's discussion of a minor or minimal role in the offense does not impact the validity of his sentence because he was sentenced to the statutory mandatory-minimum sentence for his offense. ECF No. [101] at 4. The Court agrees with the Government. Defendant was sentenced to the mandatory-minimum sentence for the offense to which he pled guilty. Defendant has not provided any authority or argument that would permit this Court to deviate from the minimum sentence permitted by statute and reduce his sentence. The Court must therefore deny the Motion.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [100]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 14, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Claider Vasques-Agino
15766-104
Petersburg Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Petersburg, VA 23804
PRO SE