**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cr-60071-BLOOM**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CLAIDER VASQUES-AGINO

    Defendant.
_____/

**ORDER ON MOTION TO REDUCE SENTENCE PURSUANT TO 18 § U.S.C. 3582(c)(2)**
**AND SECTION 4C1.1 OF THE SENTENCING GUIDELINES**
**WITH REQUEST FOR A HEARING**

**THIS CAUSE** is before the Court upon Defendant Claider Vasques-Agino's ("Defendant") Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Section 4C1.1 of the Sentencing Guidelines with a Request for Hearing, ("Motion"). ECF No. [113]. The United States of America ("Government") filed a Response, ("Response"). ECF No. [114]. The Court has reviewed the Motion, the opposing submission, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.   BACKGROUND**

On March 9, 2017, Defendant along with two co-defendants was charged by Indictment with two Counts:

> Count 1, conspiracy with the intent to distribute a controlled substance, in violation of 46 U.S.C. § 70503(a)(1) and 46 U.S.C. § 70506(b). The controlled substance involved in the conspiracy was reasonably foreseeable to be five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 46 U.S.C. § 70506(a) and 21 U.S.C. § 960(b)(1)(B); and

> Count 2, possession with the intent to distribute a controlled substance in violation of 46 U.S.C. § 70503(a)(1) and 18 U.S.C. § 2, involving five kilograms or more of

a mixture and substance containing a detectable amount of cocaine, in violation of 46 U.S.C. § 70503(a) and 21 U.S.C. § 960(b)(1)(B).
ECF No. [10] at 1-2.

Defendant pled guilty to Count 1 on May 31, 2017; Count 2 was dismissed. ECF Nos. [36], [58]. This Court granted Defendant's Motion for a Downward Variance, and sentenced Defendant to the mandatory minimum sentence of 120 months' imprisonment. ECF Nos. [48], [54], [58].

Defendant filed his first Motion for a reduction of sentence, Motion Under Fed. Rule 35(b), arguing that he provided substantial assistance to the Government and was promised a reduction of his sentence for his cooperation. ECF No. [78] at 1-2. This Court denied the motion, noting the relief sought may only be granted upon a motion by the Government, pursuant to Fed. R. Crim P. 35(b) which was not filed. ECF No. [81]. Defendant then filed a Motion to Compel Under Fed. Rule 35(b) seeking a response to his claim of substantial assistance to the Government. ECF No. [83]. The Government filed a response arguing that while Defendant and one codefendant "provided what information they had to law enforcement officials in an attempt to reduce their sentence" that information "did not rise to the level of 'substantial assistance' warranting [] a Rule 35 Motion to Reduce Sentence." ECF No. [86] at 1. This Court denied Defendant's motion, and his subsequent motion for reconsideration. ECF Nos. [87], [89]. Defendant filed a Notice of Appeal. ECF No. [90]. The Eleventh Circuit granted the Government's motion to dismiss the appeal as untimely. ECF No. [94].[1] *Id.*[2]

---

[1] Defendant's appeal was received by the Eleventh Circuit on March 15, 2021, while the last pertinent order by this Court prior to the appeal was issued on June 3, 2020. ECF No. [94] at 2. The Eleventh Circuit granted the Government's motion to dismiss Defendant's appeal pursuant to Fed. R. App. P. 4(b)(1)(A) "requiring a notice of appeal to be filed within 14 days in criminal cases" and *United States v. Lopez*, 562 F.3d 1309, 1313–14 (11th Cir. 2009) requiring dismissal of an untimely appeal upon the Government's motion. The court also observed that "claim processing rules must be enforced when not waived or forfeited." ECF. No. [94]; citing *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17–18 (2017).
[2] Defendant filed the following briefings, motions, and Notice of Appeal *pro se*. ECF Nos. [78], [83], [88], [90], [100], [103], [104], [107], and [111].

Case No. 17-cr-60071-BLOOM

The instant Motion comes after additional motions to reduce Defendant's sentence, and this Court's grant of Defendant's Motion to Appoint Counsel. ECF No. [111]. Defendant's Counsel filed the instant Motion, moving for a reduction pursuant to Amendment 821, 18 U.S.C. § 3582(c)(2) and U.S.S.G. §4C1.1. ECF No. [113]. Defendant argues Amendment 821(b) permits a reduction of his sentence because, at the time of his conviction, he was a zero-point offender, and pursuant to § 4C1.1, "his sentence ought to be reduced, as a matter of law." *Id*. ¶¶ 2, 3. Defendant seeks a two-point reduction to a new Offense Level of 31, with a Criminal History Category of I. *Id*. at 3. Defendant contends this equates to an advisory guideline range of 108 to 135 months of imprisonment and requests a revised sentence of 108 months. *Id*.

The Government responds the Motion should be denied as the statutory mandatory minimum sentence was imposed, and the subsequent First Step Act of 2018, Pub. L. No. 115-391 (the "First Step Act") enacted after Defendant's guilty plea and sentencing cannot be applied retroactively. ECF No. [114] at 1-2. The Government argues U.S.S.G. § 5G1.1 does not permit sentencing below the statutory mandatory minimum sentence despite a defendant's calculated or recalculated sentencing guidelines range. *Id*. at 3.

## II.   LEGAL STANDARD

Amendment 821 issued by the Sentencing Commission created an adjustment provision in sentences for certain zero-point offenders. Pursuant to U.S.S.G. § 4C1.1, a defendant must meet all of the following criteria to be eligible for an adjustment by two levels for their sentencing guidelines range: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the

3

defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848. *Id*.

### III.   DISCUSSION

#### A.  Mandatory Minimum Sentence at Time of Conviction

Defendant argues at the time of sentencing, his Sentencing Guideline was a Level 33, and as a zero-point offender, he had a criminal history category of I. ECF No. [113] at 1. Defendant states this resulted in an advisory guidelines range of 135 to 168 months of imprisonment, noting he was sentenced to 120 months with 5 years of supervised release. *Id*. at 1. Defendant does not address the statutory mandatory minimum sentence for the offense.

The Government responds that Defendant was sentenced to the statutory mandatory minimum of 120 months imprisonment after this Court granted Defendant's motion for a downward variance from his then advisory guidelines range of 135 to 168 months. ECF No. [114] at 2; *see* ECF No. [55]. The Government contends no district court can "sentence a defendant to a term less than the statutory minimum, 'regardless of the defendant's advisory guidelines range.'" *United States v. Jackson*, 613 F.3d 1305, 1307 (11th Cir. 2010).

As an initial matter, this Court was obligated to sentence Defendant to no less than the mandatory minimum sentence of 120 months of imprisonment for the offense he pled guilty to in violation of the Maritime Drug Law Enforcement Act ("MDLEA"). The MDLEA forbids persons on certain vessels registered in foreign nations from both "'possessing with intent to ... distribute

4

a controlled substance § 70503(a) and conspiring to do the same § 70506(b)." *United States v. Castillo*, 899 F.3d 1208, 1212 (11th Cir. 2018) (cleaned up). "First-time offenders are subject to a mandatory minimum penalty of 10 years of imprisonment for a violation that "involv[es] ... [five] kilograms or more of a mixture or substance containing a detectable amount of [cocaine]." *Id*. citing 21 U.S.C. § 960(b)(1)(B)(ii) ("the person committing such violation shall be sentenced to a term of imprisonment of not less than 10 years and not more than life").

In *Castillo*, as here, the defendant pled guilty to offenses under the MDLEA. The district court noted the defendant could not benefit from safety valve statutes. The Eleventh Circuit affirmed the sentence because "this Court has held that the safety valve does not apply to the [MDLEA]." 899 F.3d at 1211. In affirming, the court explained that "a statutory safety valve grants courts the authority to impose sentences below the statutory minimum for *certain* less-culpable defendants" but not defendants convicted under the MDLEA. *Id*. at 1212 (citation omitted) (emphasis added). Absent a grant of authority through a safety value statute, courts may not impose a sentence below the statutory mandatory minimum. *Id*. As the Eleventh Circuit held in 2018, "[t]his safety valve does not apply to offenses under the [MDLEA]." *Id*. at 1212.

The Eleventh Circuit then cited its prior holding in *United States v. Petruz-Petruz*, 679 F.3d 1327 (11th Cir. 2012), finding "the safety valve provision applies only to convictions under five specified offenses." *Id*. at 1328. As *n*o MDLEA offenses appeared in safety-value statues at the time, MDLEA offenses were excluded. *Id*. In *Petruz-Petruz*, the defendant committed offenses in violation of the MDLEA involving five or more kilograms of cocaine, for which the penalty provision under § 960(b)(1)(B) required a 10-year mandatory minimum sentence. *Id*. Although the defendant's sentencing guideline range would have been 108 to135 months of imprisonment, application of § 960(b)(1)(B) provided a 10-year mandatory minimum, resulting in a sentencing

guideline range of 120 to 135 months. *Id*. The defendant was sentenced to 120 months of imprisonment. *Id*. On appeal, the Eleventh Circuit affirmed the mandatory minimum sentence imposed by the district court, noting the safety valve provisions were limited, the plain text of the statute controlled and applied to "five specified offenses" only. *Id*. (quoting *United States v. Anderson*, 200 F.3d 1344, 1348 (11th Cir.2000) ("The selection of these five statutes reflects an intent to exclude others [.]"). With respect to MDLEA offenses, "the plain text of the statutes shows that convictions under Title 46 of the U.S. Code. . . entitle a defendant to no safety-valve sentencing relief." *Id*. at 1329.

Accordingly, pursuant to prevailing case law when Defendant was convicted, the statutory mandatory minimum sentence applied. There was no authority to extend the safety valve provisions to him as offenses under the MDLEA were excluded in 2017.

### B. The First Step Act of 2018 Is Not Retroactive and Defendant Remains Subject to The Mandatory Statutory Minimum Sentence Imposed in 2017

Defendant moves for a sentence reduction under Amendment 821(b) of the sentencing guidelines, effective November 1, 2023. ECF No. [113] at 2. Defendant argues the United States Sentencing Commission voted to promulgate Amendment 821 for certain zero-point offenders. *Id*. at 1. Defendant avers he was a zero-point offender, meets all criteria set forth under U.S.S.G. § 4C1.1, 18 U.S.C § 3553(a), and his conduct during incarceration warrant a reduction in his sentence.

The Government responds that the First Step Act did expand safety valve provisions to maritime drug offenses but has limited applicability. ECF No. [114] at 2. The Government reasons § 402 "Broadening of Existing Safety Valve" limits applicability of the amendment "to a conviction entered on or after the date of enactment of this Act." § 402(b). The Government points out December 21, 2018 is the date of enactment, and because Defendant was convicted for

purposes of the First Step Act on May 31, 2017 when he pled guilty, he is ineligible for relief despite his lack of criminal history points. *Id*. The Government then contends U.S.S.G. § 1B1.10 cmt n.1(A) establishes that Defendant's sentence, the statutory mandatory minimum 120 months of imprisonment, remains the lowest sentence available to him.

> Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment).
> *Id*.; ECF No. [114] at 3.

The Court agrees that Defendant's 2017 conviction under the MDLEA is beyond of the reach of the First Step Act as Defendant's conviction is clearly not "on or after the enactment date" which was December 21, 2018. A plea of guilty whereby the defendant is adjudicated guilty is a conviction for purposes of § 402 of the First Step Act. *See United States v. Tigua*, 963 F.3d 1138, 1144 (11th Cir. 2020). In *Tigua*, two defendants pled guilty of MDLEA violations under 46 § U.S.C. §§ 70503, 70506. *Id*. at 1140. The district court accepted their guilty pleas in October 2018, but sentencing did not occur until January 2019. *Id*. In the interim, the First Step Act was enacted in December 2018. Both defendants sought relief under the First Step Act at their sentencing hearings. *Id*. at 1141. The government believed that one defendant was eligible for safety valve relief under the First Step Act and as to the other, did not object to his request for relief. *Id*. Despite the defendants' advisory guidelines ranges of 63 to 78 and 108 to 135 months of imprisonment, both were sentenced to 120 months due to the statutory mandatory minimum sentence pursuant to 21 U.S.C. § 960(b)(l)(B)(ii). *Id*.

On appeal, the Eleventh Circuit determined the plain language in § 402 of the First Step Act meant the safety valve provisions did not extend to the defendants because their convictions

occurred prior to the date of enactment, thus the defendants remained subject to the statutory mandatory minimum sentences imposed. *Id*. The court observed "the Act did not define the phrase 'conviction entered'" which was contested on appeal. *Id*. at 1142. Upon a review of the ordinary meaning of the word "conviction," the Eleventh Circuit determined that statutory construction, prevailing case law, and persuasive legal authority required finding that "the term 'conviction' conveys its ordinary meaning as distinct from the term 'sentence.'" *Id*. at 1143 (citations omitted). *Tigua* cited to *Castillo* for the holding that a court cannot give the benefit of a statutory safety valve provision unless it applies. 899 F.3d at 1212. Thus, when "[t]he district court accepted [the defendants'] pleas of guilty and adjudicated them guilty of maritime drug trafficking offenses in October 2018. . . the statutory safety valve did not apply to their offenses and they were subject to mandatory-minimum sentences of 120 months of imprisonment." *Id*. at 1144. The mandatory minimum sentences imposed were affirmed.

Consequently, the safety valve provisions for MDLEA offenses provided for in the First Step Act cannot be extended to Defendant. The provisions are not retroactive, and due to his date of conviction, Defendant is not eligible for relief pursuant to § 402 of the First Step Act. The statutory mandatory minimum was properly applied and continues to apply to his sentence.

The Court also agrees, as the Government argues, U.S.S.G. § 5G1.1 prevents this Court from imposing a sentence below the statutory mandatory minimum.

> (a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.
> (b) Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.
> (c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence— (2) is not less than any statutorily required minimum sentence.
> *Id*.

While a court may impose or modify a sentence *within* the applicable or newly calculated guideline range for an offense subject to a mandatory minimum or maximum sentence, 5G1.1(c)(2) explicitly prevents a court from imposing a sentence *below* the statutory mandatory minimum, notwithstanding a calculation based upon sentencing guideline ranges. *Id*. Prevailing case law supports this reading.

In *U.S. v. Valle*, 635 Fed. App'x 708 (11th Cir. 2015), the defendant was originally sentenced to the mandatory minimum sentence for his drug-related offense, 120 months of imprisonment, although his sentencing guideline range would otherwise have provided for 108-135 months' imprisonment. *Id*. at 708-09. After the defendant's conviction and sentence, the Sentencing Commission issued Amendment 782, reducing his offense level. *Id*. The defendant moved for a reduction under § 3582(c)(2). *Id*. The district court concluded that it had no authority to grant the reduction "because it could not sentence him below the minimum of the amended guideline range." *Id*. The statutory mandatory minimum of 120 months of imprisonment for his offense thus made 120 months the low end of his guidelines range notwithstanding any amended or other guidelines range. *Id*. The defendant appealed, and the Eleventh Circuit affirmed, finding:

> Valle's original guideline range was 120–135 months' imprisonment because the mandatory minimum set the low end of the range. *United States v. Williams*, 549 F.3d 1337, 1340–41 (11th Cir.2008); § 5G1.1(c). And, while Amendment 782 otherwise would have reduced Valle's guideline range to 87–108 months' imprisonment, the statutory mandatory minimum requires the low end of Valle's guideline range to remain at 120 months. *See id*. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").
>
> *Id*. at 710.

As Valle was already sentenced to the minimum sentence available, which in his case the was statutory mandatory minimum, he was not eligible for a reduction of his sentence. *See U.S. v. Johnson,* 560 Fed App'x 822, 824 (11th Cir. 2014) ("We have repeatedly held that a retroactive

9

amendment to the guidelines does not authorize a reduction in the defendant's sentence if the defendant was originally sentenced to the statutory minimum.") (citing *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010) ("The law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum.")); *see also U.S. v. Barazza-Garcia*, 304 Fed. App'x 801, 803 (11th Cir. 2008) ("Because of the application of the mandatory minimum, the low end of Barraza–Garcia's Sentencing Guidelines range was reset to 120 months' imprisonment. . . . Appellants' guideline ranges could not go below 120 months, no matter their base offense levels as calculated based on drug quantity. That Appellants received section 5K1.1 downward departures does not change this outcome.").

Defendant also addresses the impact that a defendant's substantial assistance to the government may have. ECF No. [113] ¶ 5. However, Defendant does not set forth an argument that a sentence reduction for substantial assistance to the government applies to him. This Court has already found that a reduction for substantial assistance to the government is not available to him. The Government has neither moved for, nor requested a reduction in this case as required by the Federal Rules of Criminal Procedure for a reduction to be warranted. ECF Nos. [81], [87]. This Court denied Defendant's motion seeking reconsideration on this issue. ECF No. [89]. Moreover, the Eleventh Circuit dismissed Defendant's appeal on this same issue, foreclosing the possibility of a reduction in sentence reduction based upon substantial assistance to the government. *See* ECF Nos. [90], [94].

As this Court finds Defendant's Motion must be denied, Defendant's request for hearing is also denied.

Case No. 17-cr-60071-BLOOM

IV.  **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [113]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 3, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record